*Kapitalforeningen Lægernes Invest v. United Techs. Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

       At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand nineteen.

PRESENT:
>           DENNIS JACOBS,
>           ROBERT D. SACK
>           PETER W. HALL,
>                   *Circuit Judges.*

---

KAPITALFORENINGEN LÆGERNES INVEST,

       *Plaintiff-Appellant*,

FRANKFURT-TRUST INVESTMENT LUXEMBURG AG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

       *Plaintiff*,

       v.                                                         No. 18-3208

UNITED TECHNOLOGIES CORPORATION, GREGORY J. HAYES, AKHIL JOHRI, ALAIN M. BELLEMARE, DAVID GITLIN, GERAUD DARNIS,

       *Defendants-Appellees*.

1

Appearing for *Plaintiff-Appellant*:    KIMBERLY A. JUSTICE, Kessler Topaz Meltzer & Check, LLP, Radnor, PA (Jonathan Gardner, David J. Goldsmith, Alec T. Coquin, Labaton Sucharow LLP, New York, NY, *on the brief*).

Appearing for *Defendants-Appellees*:    WILLIAM SAVITT (George T. Conway III, Benjamin D. Klein, Adam L. Goodman, *on the brief*), Wachtell, Lipton, Rosen & Katz, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Marrero, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 28, 2018, is **AFFIRMED**.

Kapitalforeningen Lægernes Invest ("KLI") appeals the district court's dismissal of KLI's second amended complaint against United Technologies Corporation ("UTC") and several individual defendants (collectively, "UTC"). KLI was appointed lead plaintiff in this putative class action claiming violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), as well as Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5. The case was originally assigned to the Hon. John G. Koeltl. UTC moved to dismiss the first amended complaint for failure to state a claim. Pursuant to Judge Koeltl's scheduling order, KLI elected to amend its

2

complaint rather than oppose the motion. The case was then reassigned to the Judge Victor Marrero.

Following the filing of the second amended complaint, the parties jointly inquired as to whether they should continue to follow Judge Koeltl's scheduling order or instead exchange pre-motion letters in accordance with Judge Marrero's individual rules. Judge Marrero directed the parties "to comply with the Court's pre-motion letters practice in relation to the second amended complaint and refrain from further motion practice until the Court's review of the exchange." J. App. 655. The parties complied, and UTC subsequently submitted a pre-motion letter requesting permission to renew its motion to dismiss. KLI in turn submitted a letter laying out its opposition to UTC's position.

Eight months later, without a hearing or further notice to the parties, Judge Marrero construed UTC's pre-motion letter as an actual motion and dismissed the second amended complaint. *See generally Frankfurt-Trust Inv. Luxemburg AG v. United Techs. Corp.*, 336 F. Supp. 3d 196 (S.D.N.Y. 2018). This appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.

KLI urges vacatur primarily on the ground that it was denied the chance to brief the relevant issues on what the district court construed as a motion to dismiss. "A district court should not dismiss an action pending before it without first providing the adversely

3

affected party with notice and an opportunity to be heard." *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001). However, if the parties "have fully briefed all the questions raised on [the] appeal" and the "issues are predominately of a legal nature," this Court has essentially treated a district court's failure on this front as a form of harmless error. *See id.*

Similarly, this Court has occasionally "approved" the practice of construing pre-motion letters as the motions themselves—"under appropriate circumstances." *See, e.g.*, *StreetEasy, Inc. v. Chertok*, 730 F. App'x 4, 6 (2d Cir. 2018) (summary order) (affirming denial of pre-motion letter construed as Rule 60 motion); *see also In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (summary order) (affirming denial of pre-motion letter construed as sanctions motion, "[g]iven the length and detail of the Pre-motion Letter and responses, and the clear lack of merit of the sanctions argument"). We conclude that such is the case here and thus proceed to the merits.

II.

We review *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Emps.' Ret. Sys. of the Virgin Islands v. Blanford*, 794 F.3d 297, 304 (2d Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Additionally, a complaint alleging securities fraud must satisfy the heightened pleading requirements of Federal

4

Rule of Civil Procedure 9(b) and of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).

Upon review, we conclude that the district court properly dismissed KLI's claims for failure adequately to allege scienter. Specifically, KLI failed to plead motive and opportunity; and its allegations concerning former employees, none of whom was in direct contact with any UTC decisionmaker, if supported by evidence would not amount to strong circumstantial evidence of conscious misbehavior or recklessness, much less actual knowledge that the relevant statements were false. *See generally Frankfurt-Trust Inv. Luxemburg AG v. United Techs. Corp.*, 336 F. Supp. 3d 196 (S.D.N.Y. 2018). For these reasons, and substantially the reasons stated by the district court in its thorough and well-reasoned September 28, 2018 opinion, we affirm. *See id.*

We have considered KLI's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5